# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. RUDDY and CHERILYNN M. RUDDY, | CIVIL ACTION NO. 3:09-CV-1984 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| UNITED STATES POSTAL SERVICE, et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is the report and recommendation of Magistrate Judge William T. Prince. (Doc. 53.) The report recommends that the defendants' motion to dismiss the amended complaint (Doc. 26) be denied on the First Amendment retaliation claim and constructive discharge claim and granted on the remaining claims. For the reasons explained below, the report and recommendation will be rejected in part and adopted in part. The defendants' motion will be granted in full, and the amended complaint will be dismissed. In his objections to the report and recommendation, the plaintiff requests leave to file a second amended complaint. Because he failed to file proposed amendments so that the Court may judge whether amendment is warranted, his request will be denied.

## I. Background

Fifty-four-year-old Michael Ruddy worked as a an employee for the United States Postal Service. Although he had worked for the postal service for thirty-four years, he began

1

having difficulties at work, which led to the present action, in which Ruddy and his wife bring a fourteen-count amended complaint against various defendants including the United States, the postmaster general, and other employees. The defendants moved to dismiss and for summary judgment. The motion was referred to Magistrate Judge William Prince for a report and recommendation. The report recommends dismissing all counts in the complaint except for the First Amendment retaliation claim and the constructive discharge claim as to Defendant Potter.

Both parties have filed their objections to the report and recommendation. The objections have been fully briefed and are ripe for review.

## II. Discussion

### A. Legal Standard for Reviewing a Report and Recommendation

Where objections to the magistrate judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See*

*Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

Here, the court reviews the portions of the report and recommendation which Banks objects to de novo. The remainder of the report and recommendation is reviewed for clear error.

**B. Legal Standard for a Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. In deciding a 12(b)(6) motion, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal is appropriate only if a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which is to say "enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 319 (3d Cir. 2010) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (alteration in *Arista Records*)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements, do not suffice." *Id.* "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.* at 1950.

In line with the pleading standards established by the Supreme Court's decisions in *Twombly* and *Iqbal*, the Third Circuit has instructed district courts to conduct a two-part analysis when disposing of a motion to dismiss for failure to state a claim. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This analysis proceeds as follows:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Id.* at 210–11 (internal citations omitted).

**C. Defendants' Objections**

The defendants object to the portion of the report that recommends denying their motion to dismiss Ruddy's First Amendment retaliation claim at Count I and the portion of the report finding that Ruddy exhausted his disability and constructive discharge claims.

**(1) Disability Claims**

The defendants moved to dismiss the disability discrimination claims. The magistrate judge recommends dismissing the disability discrimination claims because the plaintiff failed to plead a prima facie case.

A prima facie case of disability discrimination requires that a plaintiff show that (1) he has a disability; (2) he is otherwise qualified to perform the essential functions of the job,

4

with or without accommodation; and (3) he faced an adverse employment action due to his disability. *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996).

The magistrate judge concludes that the plaintiff failed to show the first two elements of a prima facie case: that he was disabled and otherwise qualified.

Under the RA, a disability is an impairment that substantially limits a major life activity. *See* 42 U.S.C. s. 12102(1). An employer may be liable for discrimination even where the plaintiff is not actually disabled, so long as the employer perceives the employee to have a disability. Id. The plaintiff's complaint states that he has "a permanent disability within the meaning of [the RA and ADA]." (pp 154). The plaintiff failed to allege a particular impairment. Thus, dismissal is appropriate.

Additionally, Ruddy failed to exhaust his administrative remedies with respect to his disability and constructive discharge claims.

To properly exhaust, one must timely consult with an EEOC counselor and file claims in the proper forum within specified time limits. Part 1614 of Title 29 of the Code of Federal Regulations deals with equal employment opportunity in the federal sector. An aggrieved person who believes he has been discriminated against on the basis of age or disability must consult an EEOC counselor within 45 days of the date of the discriminatory action. 29 C.F.R. § 1614.105(a). If the matter remains unresolved, the individual must file a complaint with the agency within fifteen days of receiving notice from the counselor that he has a right to file a discrimination complaint. *Id.* at § 1614.106(a)-(b). The complaint must contain a statement that is "sufficiently precise to identify the aggrieved individual and the agency and to describe generally the action(s) or practice(s) that form the basis of the complaint." *Id.* at § 1614.106(c).

5

The defendants argue that Ruddy failed to timely raise these claims by seeking EEOC counseling within 45 days of the alleged incidents, failed to file a formal complaint with regard to his disability and hostile work environment claims, and failed to seek EEOC counseling or file a formal complaint raising his constructive discharge claims before the EEOC.

Because the magistrate judge adopted the view that the plaintiff faced a continuing violation, the report notes that he timely sought EEOC counseling within 45 days of the last discriminatory incident on July 6, 2009. However, there is no evidence that formal complaints were ever filed with regard to his constructive discharge claim or disability discrimination claim. Thus, Ruddy failed to properly exhaust and these claims will be dismissed.

**(2) First Amendment Retaliation Claims**

The defendants further object to the recommendation that their motion to dismiss be denied on the First Amendment retaliation claim.

Ruddy is a federal USPS employee subject to the the Civil Service Reform Act of 1978 (CSRA) (codified at various sections of Title 5 of the United States Code). In *Bush v. Lucas*, 462 U.S. 367, 381, 390 (1983), the Supreme Court declined to create a judicial remedy allowing a federal civil servant to recover money damages from a supervisor for a retaliatory discharge for having exercised his First Amendment rights where the CSRA provided an elaborate remedial scheme to address such wrongs.

The CSRA prohibits federal employers from taking adverse actions against employees because of "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation." 5 U.S.C. § 2302(b)(9)(A) (defining "prohibited personnel practice"). The CSRA provides remedies for employees subject to any prohibited personnel

6

practice, including First Amendment retaliation for filing complaints. *Id.* at § 1214. Thus, under *Bush*, an employee like Ruddy may not maintain a separate action for money damages based on First Amendment retaliatory discharge.

For these reasons, dismissal of the First Amendment claims is proper, and the magistrate judge's recommendation that dismissal should be denied will be rejected.

**D. Plaintiff's Objections**

**(1) Constitutional Claims**

At Counts II and III, the magistrate judge recommends dismissing the plaintiff's claims asserting violations of the plaintiff's rights to equal protection and due process. The magistrate judge notes that because the ADEA and RA provide exclusive relief to a federal employee alleging age or disability discrimination, Ruddy is precluded from bringing equal protection or due process claims. This determination was correct, and Ruddy's complaint at Counts II and III will be dismissed.

**(2) Disability and Age Discrimination Claims at Counts IV and V**

The plaintiff argues that the magistrate judge's conclusion that he had failed to allege a disability was incorrect. In his objections, the plaintiff claims that "[i]t is clear just from the symptoms which he displayed [as alleged in paragraph 66 of the amended complaint] . . . that he had a disability . . . ." (Pltf's Br. in Supp. Of Obj.; Doc. 57 at 17). In its entirety, this paragraph in the amended complaint states that "[t]he [p]laintiff began to sweat, developed chest pain, feeling of panic, trouble breathing, dagger like pain going through his back and tingling in his left leg." These allegations of symptoms experienced on one occasion are not at all sufficient to allege the presence of an impairment that substantially limits a major life

7

activity, and therefore the plaintiff's objections on this point lack merit.

The magistrate judge also recommended dismissing the plaintiff's age discrimination claim for failing to plead that he was replaced by "a sufficiently younger person, raising an inference of age discrimination." *See Anderson v. Consolidated Rail Corp.*, 297 F.3d 242, 249 (3d Cir. 2002) (internal citation omitted). The plaintiff objects to this recommendation because he alleged, in paragraph 165 of his amended complaint, that he was replaced by a younger individual. However, it is not sufficient that he was replaced by a younger individual; instead, he must have been replaced by a "sufficiently younger" individual. Ruddy fails to plead facts that could lead to such an inference. Thus, the magistrate judge correctly determined that Ruddy failed to allege a prima facie case of age discrimination.

### (3) Hostile Work Environment

The plaintiff objects to the magistrate judge's recommendation that the hostile work environment claims be dismissed. The Court agrees with the magistrate judge's determination and will dismiss these claims.

To establish a claim of hostile work environment based on age or disability, a plaintiff must show four elements; (1) that the complained-of conduct would not have happened but for the plaintiff's age or disability; (2) that the conduct was severe and pervasive enough to (3) detrimentally affect the plaintiff; and (4) make a reasonable aged or disabled person believe that the conditions of employment are altered and the working environment is hostile or abusive; and (5) there exists respondeat superior liability. *See West v. Phila. Elec. Co.*, 45 F.3d 744, 753 (3d Cir. 1995). Courts should consider the frequency and severity of the alleged discriminatory conduct, and determine whether it is "physically threatening or

8

humiliating, or a mere offensive utterance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998). "Teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory behavior." *Id.* at 788. To prove a hostile work environment, a plaintiff must show that his workplace was "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002).

Here, the plaintiff has failed to allege conduct that in any way appears to be based on his age or disability (in fact, because the plaintiff has failed to properly allege that he has a disability within the meaning of the RA, any hostile work environment claim must fail). The allegations of harassment are conclusory and do not amount to circumstances that a reasonable person would view as abusive. The plaintiff alleges that he was told to work faster and leave the office earlier. This is not sufficient to rise to the level of an abusive work environment. Paragraph 62 of the amended complaint provides another example of a conclusory allegation: "[the plaintiff] noticed Defendant Passarelli talking on the telephone looking directly at the Plaintiff which the Plaintiff found to be another form of harrassment." Without any other facts to provide more context, this allegation fails to amount to harassment. Making a phone call while looking at the plaintiff is simply not abusive conduct. Because the conduct alleged is neither severe nor pervasive, the plaintiff's hostile work environment claims fail and will be dismissed.

### (4) Tort Claims under the FTCA

The plaintiff objects to the magistrate's recommended dismissal of the tort claims under the FTCA for failure to have exhausted his administrative remedies. The plaintiff's objection, in its entirety, is that "the Plaintiffs have since filed Form 95 and the Tort Claims should be tried concurrently with the other Counts for the purposes of judicial economy."

This objection is without merit. Under the FTCA, a civil lawsuit against the United States for money damages for injury to person or property may not be commenced "unless the claimant shall have first presented the claim to the appropriate Federal agency and this claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). This requirement is jurisdictional and cannot be waived. *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989). A claim is deemed "presented" to an agency when a Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain, is executed and presented to the appropriate federal agency. 28 C.F.R. § 14.2

Regardless of whether the plaintiff "has since" presented his claims to the postal service in a Form 95, his tort claims face dismissal under the FTCA. Filing a Form 95 after-the-fact is insufficient. Instead, the plaintiff must have presented his claims to the appropriate agency, *and received a denial of relief*, *before* filing a civil lawsuit. Thus, the magistrate judge correctly recommends dismissal of these claims.

### III. Conclusion

For the reasons explained above, the report and recommendation will be rejected in part and adopted in part. To the extent that it denied the defendants' motion to dismiss on

the First Amendment retaliation claim and the constructive discharge claim, it will be rejected. To the extent that it granted dismissal on the remaining counts, it will be adopted. The plaintiff has requested leave to amend, but because he has not submitted a proposed amended complaint, his request will be denied.

      An appropriate order follows.


| | |
|---|---|
| March 18, 2011 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. RUDDY and CHERILYNN M. RUDDY,<br><br>　　Plaintiffs,<br><br>　　　v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>　　Defendants. | NO. 3:09-CV-1984<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this 18th day of March, 2011, **IT IS HEREBY ORDERED** that the report and recommendation (Doc. 53) is **ADOPTED IN PART** and **REJECTED IN PART** as follows:

(1) The recommendation that the defendant's motion to dismiss (Doc. 26) be denied on the First Amendment retaliation claim at Count I and on the constructive discharge claim at Count XI as to Defendant Potter is **REJECTED**.

(2) The recommendation that the defendants' motion to dismiss (Doc. 26) the remaining claims be granted is **ADOPTED**.

The amended complaint is **DISMISSED** entirely**.** The plaintiff's request for leave to amend is **DENIED.** The clerk of court is directed to mark this matter **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge